(Rev. 11/05/14)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOE DREITZ, JR., on behalf of himself and all similarly-situated royalty owners, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 13-cv-1179-EFM-TJJ |
| LINN OPERATING, INC. and LINN ENERGY LLC, | ) | |
| Defendants. | ) | |

**PHASE I CLASS CERTIFICATION SCHEDULING ORDER**

On December 5, 2014, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, Teresa J. James, conducted a scheduling conference in this case with the parties.[1] Plaintiffs appeared through counsel, Rex A. Sharp and David E. Sharp. Defendants appeared through counsel, Mikel L. Stout and Guy S. Lipe.

After consultation with the parties, the court enters this scheduling order with regard to Phase I (Class certification) of the case, summarized in the table that follows: [2]

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

[2] Scheduling with regard to the merits of the case will be addressed in a subsequent "Phase II" Scheduling Order.

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Interim discovery status reports due | April 9, 2015 |
| Meet Me Telephone Discovery Status Conference (Call 913-735-2279) | April 16, 2015 at 1:30pm |
| Motions to join additional parties or to otherwise amend the pleadings | May 15, 2015 |
| Documents previously produced by parties shall be deemed authenticated except as to those objected to by this date; any produced thereafter are authenticated unless objected to within 10 days of production | July 14, 2015 |
| Interim discovery status reports due | September 11, 2015 |
| Meet Me Telephone Discovery Status Conference (Call 913-735-2279) | September 17, 2015 at 1:30pm |
| Class Certification Motion filed with all supporting evidence, including expert disclosures (report required) | October 1, 2015 |
| Defendants' response to Plaintiff's motion for class certification with all documentary and affidavits supporting evidence, including expert disclosures (report required) | December 15, 2015 |
| Plaintiff's reply brief in support of motion for class certification due, including rebuttal expert disclosures, if any | February 15, 2016 |
| Completion of Class Certification discovery (expert and fact discovery) | February 15, 2016 |
| Motion for oral argument and/or for an evidentiary hearing | January 12, 2016 |
| Supplementation of disclosures | Per Rule and 40 days before deadline for completion of class certification discovery |
| Email chambers of Magistrate Judge to schedule Phase II Scheduling Conference and submit proposed Phase II scheduling order for handling merits phase of remainder of case | 14 days after the conclusion of any interlocutory appeal from a decision on class certification under Fed. R. Civ. P. 23(f) (or 14 days after the expiration of the time for filing such an appeal if no appeal is filed) |

**1) Alternative Dispute Resolution (ADR).**

The parties have already held a mediation. The court declines to set another mediation deadline at this early stage of the case. However, the court will revisit potential mediation and settlement prospects in subsequent status conferences.

**2) Discovery.**

a) The parties already have served their initial disclosures as required by Fed. R. Civ. P. 26(a)(1).

The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. See Fed. R. Civ. P. 37(c)(1).

b) Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served throughout the case at such times and under such circumstances as required by that rule. In addition, final supplemental disclosures must be served in any event 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial. The opposing party and counsel should be placed in a realistic position to make

judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires. Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

c) All Phase I (class certification) discovery must be commenced or served in time to be completed by **February 15, 2016**.

d) Expert disclosures for class certification required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, will be served by the times set forth below regarding class certification briefing and include:

i. All Expert Disclosures will include on CD or DVD all supporting documents and material relied on by the expert for his or her opinion except that bates-numbered discovery documents may be referenced by bates number in lieu of production.

ii. All Expert Designations will also provide three dates within the following 30 days when the expert can be deposed, with one date to be selected by opposing counsel.

e) The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

f) Consistent with the parties' agreements as set forth in their planning conference report, disclosure or discovery of electronically stored information (ESI) in this case will be handled as follows:

Documents stored by ESI will be produced in the manner kept but not necessarily in native format. ESI is commonly produced in these types of cases by the parties agreeing on formats when the issue arises. Paydecks are usually produced in Excel or Access databases, leases in .pdf or .tiff per lease, gas analysis in Excel, if available, and plant statements in .pdf. Gas contracts can be produced in .pdf or .tiff, and older documents may be copied in paper form.

g) Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as set out in the agreed Amended Protective Order filed in the case (ECF No. 45).

h) To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the parties proposed that the deadline for filing motions to compel be set as August 14, 2015, and the 30-day deadline for filing motions to compel not apply. Given the considerable experience of the parties' counsel in this case with proceedings such as this, the court adopts as its order the procedure agreed to by the parties and their counsel, subject to the following conditions and limitations:

In lieu of setting one global deadline for the filing of motions to compel discovery, the undersigned Magistrate Judge will instead conduct interim discovery status conferences to address any discovery issues and disputes that arise. Pursuant to Fed. R. Civ. P. 16(a), two interim discovery status conferences are scheduled for **April 16, 2015 at 1:30 p.m.** and **September 17, 2016 at 1:30 p.m.** before the undersigned Magistrate Judge and will be held by Meet Me dial-in telephone conference call. Counsel and any pro se parties should call 913-735-2279 to join the conferences. Please do not call more than five minutes prior to the scheduled time. A week prior to each interim discovery status conference, **April 9, 2015** and **September 11, 2015**, respectively, the parties must each submit an interim status report (not exceeding 2 pages in length) setting forth any discovery issues, disputes, objections, or concerns. If the parties believe there is no reason to

hold the status conference, then they should so state in their reports. If the parties agree there is no need for the conference, the court may then issue an order cancelling the interim discovery conference. On the other hand, if the parties identify material discovery disputes in their status reports or conferences, then the court may set deadlines for filing motions to compel and/or briefing to resolve such disputes. Absent the setting of such interim deadlines by the court, the parties may file motions to compel, if necessary, up to and including August 14, 2015, without complying with the 30-day time limitation provided in D. Kan. Rule 37.1(b).

i) The parties also agree that:

i. The parties may serve all matters requiring service outside of ECF by .pdf or excel attachments to emails to opposing counsel except when something cannot be sent or received in such fashion.

ii. Document Authentication. Documents previously produced by parties shall be deemed authenticated except as to those objected to by July 2, 2015. Any objection to authenticity in whole or part of a document or thing must have a good faith factual and legal basis. Objection as to a part of a document or thing does not affect the authenticity of the remainder.

j) No party may serve more than **30** interrogatories, including all discreet subparts, on any other party.

k) No party may serve more than **30** requests for admissions, including all discreet subparts, on any other party. This numerical limit does <u>not</u> apply to requests to admit the genuineness of any described document.

l) No more than **15** depositions may be taken by plaintiff, and no more than **15**

depositions may be taken by defendant. Each deposition must be limited to **5** hours except for the depositions of experts, which must be limited to **8** hours. All depositions must be governed by the written guidelines that are available on the court's website:

http://www.ksd.uscourts.gov/deposition-guidelines/

m) An agreed Amended Protective Order (ECF No. 45) was entered in this case on October 30, 2014.

n) The parties do consent to electronic service of disclosures and discovery requests and responses. See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

o) The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore,

*before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3) Motions.**

a) No motions to dismiss are anticipated in this case.

b) Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **May 15, 2015**.

c) Any motion for class certification, filed with all affidavit and documentary supporting evidence, including expert disclosures (report required) must be filed by **October 1, 2015.** Defendants' response to Plaintiff's motion for class certification with all documentary and affidavit supporting evidence, including expert disclosures (report required)must be filed by **December 15, 2015.** Plaintiff's reply brief in support of motion for class certification due, including rebuttal expert disclosures, if any, must be filed by **February 15, 2016.** Any motion to request oral argument and/or evidentiary hearing on the motion for class certification must be filed by **January 12, 2016**.

d) If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider emailing the chambers of the undersigned magistrate judge to request a discovery conference before filing such a motion. But such a conference is not mandatory. For purposes of complying with the "meet and confer" requirements, the court construes the term "confer" to require more than mere e-mail

communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must actually talk with each other, preferably in person but otherwise by phone, about their discovery disputes.

e) At the suggestion of the parties, the court will waive the D. Kan. Rule 37.1(b) 30-day deadline for filing motions to compel. Instead the Court will require the parties to submit interim discovery status reports and will hold interim discovery conferences. See Section 2.h. above.

f) To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(c).

g) The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4) Pretrial Conference, Trial, and Other Matters.**

a) Within 14 days after the conclusion of any interlocutory appeal from a decision on class certification under Fed. R. Civ. P. 23(f) (or 14 days after the expiration of the time for filing such an appeal if no appeal is filed), the parties will email the chambers of the undersigned Magistrate Judge regarding setting a Phase II Scheduling Conference and submit a proposed Phase II scheduling order for handling of the merits phase remainder of the case. If they cannot agree on

any aspect of such an order, they will submit one showing their respective positions as to any issue that is not agreed.

b) This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated December 8, 2014, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge