IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE DREITZ JR., on behalf of himself and
all other similarly situated royalty owners,

*Plaintiff,*

vs.

Case No. 13-1179-EFM-TJJ

LINN OPERATING, INC. and
LINN ENERGY HOLDINGS, LLC,

*Defendants.*

## MEMORANDUM AND ORDER

In 2013, Plaintiff Joe Dreitz, on behalf of himself and others similarly situated, filed a class action lawsuit against Defendants Linn Operating, Inc. and Linn Energy Holdings, LLC. In 2014, Dreitz filed an Amended Complaint alleging breach of contract related to royalty payments on oil and gas leases. In April 2014, Defendants filed a Motion to Dismiss (Doc. 33), which is now before the Court. Because the Court finds that Dreitz has met his pleading obligation of setting forth a facially plausible claim for breach of contract, the Court denies the motion.

### I. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted. On such motion, the court must decide "whether the complaint contains 'enough facts to state a

claim to relief that is plausible on its face.' "[1] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[2] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of the claims as well as the grounds on which each claim rests.[3] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint but may not afford such a presumption to legal conclusions.[4] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[5] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[6]

## II. Analysis

The Complaint alleges breach of contract against Defendants for making deductions not authorized by the oil and gas leases at issue. Defendants seek dismissal of this lawsuit, arguing that the Complaint fails to properly allege a breach of contract. Defendants assert that the Complaint fails to contain factual allegations sufficient to support a plausible claim for breach of contract because it does not address the royalty standard. Specifically, Defendants argue that the Complaint has not alleged facts that show that Dreitz was paid less than market value at the well,

---

[1] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[2] *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

[3] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008); Fed. R. Civ. P. 8(a)(2).

[4] *Iqbal*, 566 U.S. at 678-79.

[5] *See id.* at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

[6] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

which is what Dreitz was entitled to receive under the lease. Dreitz counters that the Complaint properly alleges a breach because it accuses Defendants of violating the implied marketable condition rule by making improper deductions for royalty payments.

The parties agree that Kansas contract law applies. To allege breach of contract under Kansas law, a plaintiff must allege: 1) the existence of a contract between the parties, 2) consideration, 3) plaintiff's performance or willingness to perform in compliance with the contract, 4) defendant's breach of the contract, and 5) damage to plaintiff from the breach.[7] This Court has noted that federal pleading requirements do not require a plaintiff to quote the contract terms word for word or to attach a copy of the contract.[8]

Here, Defendants have limited their argument for dismissal to claiming that Dreitz has not properly pled the fourth element, that Defendants breached the lease. The Complaint generally alleges that "Defendants breached the implied MCR leases by actions and/or inactions."[9] The Complaint's allegations of breach of contract also include the following:

> 43. Plaintiff's leases are *Waechter* leases and they, like almost all of the Class Member's leases, do not contain language that expressly authorizes deductions that Defendants take from royalties so that such leases embody the implied [marketable condition rule] requiring Defendants to place the gas and its constituent parts in "Marketable Condition" at Defendants' exclusive cost.
>
> 44. Those leases also place upon Defendants the obligation to properly account for and pay royalty interests to royalty owners. All duties run directly to, or have been assumed by, the Defendants. Such duties have been breached.[10]

---

[7] *Britvic Soft Drinks Ltd. v. ACSIS Techs. Inc.*, 265 F. Supp. 2d 1179, 1187 (D. Kan. 2003); *Stechschulte v. Jennings*, 297 Kan. 2, 24, 298 P.3d 1083, 1098 (2013).

[8] *Lacey v. Ocwen Loan Servicing, LLC*, 2014 WL 2885471, at *4 (D. Kan. June 25, 2014).

[9] First Amended Complaint – Class Action, Doc. 30, at 18.

[10] First Amended Complaint – Class Action, Doc. 30, at 17.

Dreitz chose to frame his allegation of breach in terms of Defendants making deductions that were not expressly authorized by the leases. The specific language of the contract does not need to be stated. Dreitz has sufficiently put Defendants on notice of how he alleges the leases were breached. Defendants frame the issue differently. Essentially, Defendants are trying to show that there was no breach because there has been no showing that the deductions resulted in payments below market value at the well. But whether a breach occurred and the details of whether either party can prove or disprove a breach are matters more suitable for a motion for summary judgment.[11] At this stage, Dreitz has met his pleading obligation of setting forth a facially plausible claim for breach of contract. It is enough for Dreitz to allege that Defendants have breached their duty to properly pay royalties under the leases. Accordingly, after reviewing the Complaint in its entirety and drawing all reasonable inferences in favor of Dreitz, the Court finds that he alleges sufficient facts to state a claim for breach of contract.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 33) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of March, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] *See Sylvia v. Wisler*, 2014 WL 2772909, at *5 (D. Kan. June 19, 2014); *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) ("A Rule 12(b)(6) motion to dismiss 'does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses.' ") (citation omitted).